JS-6
LINKS: 1, 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-cv-02083-GAF-OP | Date | December 7, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Vernnae Thomere et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     (In Chambers)

<u>**ORDER REMANDING CASE**</u>

**I.
INTRODUCTION & BACKGROUND**

Plaintiff Federal National Mortgage Association ("FNMA") filed this unlawful detainer action against Defendants Vernnae Thomere and Does 1–50 in San Bernardino County Superior Court. (Docket No. 1 [Not. of Removal ("Not.")], Ex. A [Complaint ("Compl.")].)  Plaintiff alleges that it purchased Defendants' real property in Pinon Hills, California, by virtue of a lawful foreclosure sale on August 13, 2012, that Defendants refuse to quit the premises, and that Plaintiff has accrued damages at the rate of $12.10 per day since September 24, 2012.  (<u>Id.</u> ¶¶ 5–8.)  Defendants removed the action to this Court, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction).  (Not. ¶¶ 7–10.)  Plaintiffs have now filed an ex parte application for remand of the action to the superior court.  (Docket No. 5 [Ex Parte Application ("App.")].)  For the reasons set forth below, the Court concludes that Defendants have failed to establish this Court's subject matter jurisdiction.  Accordingly, the Court **REMANDS** the case to state court and **DENIES as moot** Plaintiff's ex parte application.

**II.
DISCUSSION**

**A.  <u>Legal Standard</u>**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time

LINKS: 1, 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-cv-02083-GAF-OP | Date | December 7, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Vernnae Thomere et al | | |

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b). "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29. However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

Additionally, federal courts have jurisdiction (1) on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and the matter is between citizens of different states; and (2) over all cases under the Bankruptcy Code. See 28 U.S.C. §§ 1332(a), 1334(a).

**B. APPLICATION: FEDERAL QUESTION JURISDICTION**

Defendants contend that the Court has jurisdiction under 28 U.S.C. § 1331. (Not. ¶¶ 7–10.) It is undisputed, however, that Plaintiff's Complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that Plaintiff engaged in artful pleading to

LINKS: 1, 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-cv-02083-GAF-OP | Date | December 7, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Vernnae Thomere et al | | |

defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981).  "An unlawful detainer action is a true state law claim."  Homesales, Inc. v. Frierson, No. CV 08-08607, 2009 WL 365663, at *2 n. 8 (C.D. Cal. Feb. 11, 2009).

Therefore, removal jurisdiction is lacking, even though Defendants intend to assert a defense based on federal law—specifically, 12 U.S.C. § 5220.  See Valles, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09–CV–28, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question").  Accordingly, the Court determines that it does not have federal question jurisdiction over this case.

### III.
### CONCLUSION

For the foregoing reasons, Defendants have not established federal subject matter jurisdiction in this case.  Accordingly, the Court **REMANDS** the action to San Bernardino County Superior Court and **DENIES** Plaintiff's ex parte application **as moot**.

**IT IS SO ORDERED.**